Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 415 | **DATE** | 5/20/2003 |
| **CASE TITLE** | KRISHNAMOORTHY vs. RIDGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Motion (3-1) to dismiss is denied. Motion (6-1) for summary judgment is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAY 28 2003 | |
| | Notices mailed by judge's staff. | | date docketed | 9 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | MAY 28 2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUBASH KRISHNAMOORTHY,

    Plaintiff,

v.

TOM RIDGE, Secretary, Department of
Homeland Security, and TERRY E. WAY,
Bureau of Citizenship and Immigration
Services, Director, Nebraska Service Center,

    Defendants.

No. 03 C 0415
Judge James B. Zagel

DOCKETED

MAY 2 8 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Subash Krishnamoorthy is a native and citizen of India who last entered the United States on January 23, 2000 as a temporary worker with a valid H1-B employment visa. Prior to this last entry, however, Krishnamoorthy, through his employer, Utek, Inc., sought an I-140 visa petition for permanent employment as a foreign national. The United States Department of Labor certified the employment position as a software engineer for Utek, and the Immigration and Naturalization Services (INS) approved the petition filed by Utek. Based upon this approved petition, Krishnamoorthy then filed an application for adjustment of status form I-485 with INS on July 21, 2000. Subsequently, Krishnamoorthy left his job at Utek in February, 2001, and went to work for Gluon Network, Inc. on March 19, 2001, two hundred and forty-one days after filing his application. After he left, Utek revoked the I-140 visa petition, but Gluon never filed a petition for Krishnamoorthy, who apparently only worked there until May 21, 2001. On July 11, 2001, INS denied Krishnamoorthy's application based on the fact that the visa petition had been revoked. INS denied Krishnamoorthy's subsequent Motion to Reopen and Reconsider based

upon the fact that the petition was revoked and that the "portability under Section 106(c) or the American Competitiveness in the 21st Century Act," claimed by Krishnamoorthy, could not, "in the absence of regulatory guidance or instructive policy memoranda, be applied in the instant matter." Krishnamoorthy then changed jobs again and began working on March 28, 2002, for AT&T Voice Data Systems, where he is currently employed. No petition has been filed for Krishnamoorthy by AT&T.

Krishnamoorthy has filed this suit for mandamus relief requesting that this Court take jurisdiction over the matter, declare INS's denial of his application for adjustment of status to be arbitrary and capricious, and compel defendants Tom Ridge, Secretary, Department of Homeland Security, and Terry Way, Bureau of Citizenship and Immigration Services, Director, Nebraska Service Center to favorably adjudicate his application. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In response to their motion, Krishnamoorthy moves for summary judgment.

Defendants first argue that there is no subject matter jurisdiction to review INS's denial of Krishnamoorthy's application for adjustment of status. In ruling on a motion to dismiss for lack of subject matter jurisdiction, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). However, I am not required to accept as true those allegations "which tend to establish jurisdiction where a party properly raises a federal question concerning the jurisdiction of the district court to proceed with the action." *Grafon Corp. v. Hausermann*, 602

F.2d 781, 783 (7th Cir. 1979). In such a situation, I "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing*, 999 F.2d at 191; *Grafon*, 602 F.2d at 783. "In cases where the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof." *Id*.

The employment based permanent resident application process consists of three distinct steps. First, the employer must obtain a certified alien Labor Certification from the Department of Labor establishing that there are no qualified U.S. workers for the open position. Once the Labor Certification is certified, the sponsoring employer may file an I-140 Immigrant Petition with the Service requesting that the alien be classified as eligible to apply within a specified visa preference category. *See* 8 U.S.C. § 1154. This petition must be made by the employer, not the employee, *see* 8 C.F.R. §204.5(c)(2000), and it is the employer who is informed of the decision on the visa and given the right to appeal if the visa is denied, *see* 8 C.F.R. §204.5(n)(2000). If the petition is approved, the alien may then apply for adjustment of status to that of a lawful permanent resident. *See* 8 C.F.R. §245.1(a), 8 U.S.C. § 1255(a).

As discussed above, pursuant to these procedures, Krishnamoorthy filed an application for an adjustment of status, which INS subsequently denied. Krishnamoorthy seeks judicial review of the denial, but defendants claim that §242(a)(2)(B)(i) of the Immigration and Nationality Act (INA) divests this court of jurisdiction to review it because it constitutes a "judgment regarding the granting of relief." 8 U.S.C. § 1252(a)(2)(B)(i). Section 242(a)(2)(B)(i)

provides:

> Notwithstanding any other provisions of law, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 [governing adjustment of status] or this title.

*Id.* In response, Krishnamoorthy correctly argues that §242 only precludes judicial review of discretionary decisions. *Liu v. INS*, 274 F.3d 533, 535 (D.C. Cir. 2001).

Here, the basis for INS's denial of Krishnamoorthy's application was the automatic revocation of approval of Utek's visa petition for him pursuant to 8 C.F.R. §205(a)(3)(C)(iii).[1] Because Utek withdrew its petition after Krishnamoorthy stopped working for it, the petition was automatically revoked as of its filing date. Accordingly, the Service Center denied Krishnamoorthy's application. Krishnamoorthy seeks review on the ground that INS failed to adjudicate the application in accordance with §204(j) of the INA. Section 204(j) states:

> A petition under subsection (a)(1)(D) of this section for an individual whose application for adjustment of status pursuant to section 1255 of this title has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.

8 U.S.C. § 1154(j).

Nothing in the record demonstrates that INS officials considered the effect of §204(j) on Krishnamoorthy's application. In fact, the decision denying his Motion to Reconsider expressly

---

[1] Under this provision, automatic revocation of approval of a petition occurs if:

> any of the following circumstances occur before the beneficiary's journey to the United States commences or before the decision on his adjustment of status application becomes final . . . upon written notice of withdrawal filed by the petitioner, in employment-based preference cases, with any officer of the Service who is authorized to grant or deny petitions.

notes that INS believed that §204(j) could not, "in the absence of regulatory guidance or instructive policy memoranda, be applied in the instant matter." Therefore, the denial of Krishnamoorthy's application was not a matter of administrative discretion and is thus subject to judicial review. By way of analogy, this situation is similar to the one in *Iddir v. INS*, 166 F.Supp.2d 1250, 1255 (N.D. Ill. 2001), in which the court noted that "[t]he jurisdictional language in Section 242 does not divest this court of jurisdiction in the case of an administrative oversight or delay, which causes the INS, in essence, to lose the power to adjudicate the application." As in *Iddir*, Krishnamoorthy seeks to point out an administrative oversight by INS, namely its refusal to adjudicate his application in accordance with §204(j). As such, §242 does not preclude review. *See also, Paunescu v. INS*, 76 F.Supp.2d 896, 900 (N.D. Ill. 1999).

Although §242 does not preclude judicial review, Krishnamoorthy must still identify a basis for jurisdiction here. Fed.R.Civ.P. 8(a); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). He has raised mandamus jurisdiction as one possible basis. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In order to qualify for mandamus relief, a plaintiff must show that: (1) he has a clear right to the relief sought; (2) the defendant has a clear duty to perform; and (3) no other adequate remedy is available. *Blaney v. U.S.*, 34 F.3d 509, 513 (7th Cir. 1994).

The relief sought in this case is the adjudication of Krishnamoorthy's applications for adjustment of status in accordance with §204(j). Courts in this district have already held that "a petitioner has a right to adjudication of . . . [an] adjustment of status application[] and that INS

5

has a corresponding duty to adjudicate these applications." *Setharatsomphou v. Reno*, No. 99 C 0836, 1999 WL 755292, at *4 (N.D. Ill. Sept. 27, 1999) (citation omitted). This duty is mandatory, not discretionary. *See Paunescu*, 76 F.Supp.2d at 901. Furthermore, to be meaningful, INS must adjudicate applications in accordance with governing statutes, including §204(j). Therefore, INS has a clear duty to adjudicate Krishnamoorthy's application in accordance with §204(j), but it has not done so. Finally, as both parties acknowledge, no other adequate remedy is available to Krishnamoorthy. Therefore, mandamus jurisdiction exists to compel INS to adjudicate Krishnamoorthy's application in accordance with §204(j). *See Iddir*, 166 F. Supp. at 1255. *Paunescu*, 76 F.Supp.2d at 901. In addition, from the foregoing analysis concluding that mandamus jurisdiction exists, it is clear that Krishnamoorthy has sufficiently stated a claim for mandamus. Accordingly, the motion to dismiss for failure to state a claim upon which relief can be granted is also denied.

For the reasons above, Ridge and Way's Motion to Dismiss the Complaint for Mandamus is DENIED and Krishnamoorthy's Motion for Summary Judgment is DENIED for failure to comply with Local Rule 56.1.

ENTER:

James B. Zagel
United States District Judge

DATE: 20 May 2005